IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARISSE STEPHENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-799-B-BN |
| | § | |
| BON SECOURS MERCY HEALTH, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Plaintiff Sharisse Stephenson filed a *pro se* complaint that includes allegations that Defendants violated provisions of the Americans with Disabilities Act ("ADA"), a federal statute. *See* Dkt. Nos. 3 & 4.

And Senior United States District Judge Jane J. Boyle referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 8.

Insofar as this Court has subject matter jurisdiction over this lawsuit based on Stephenson's ADA allegations, as to claims under the ADA, the Court entered an order on March 31, 2026 requiring Stephenson to show by April 22, 2026 why the Court should not transfer this lawsuit based on an improper or more convenient venue. *See* Dkt. No. 10.

Granting Stephenson's motion, the Court extended her deadline to respond to May 20, 2026. *See* Dkt. Nos. 11 & 15.

The same day the Court granted the motion for extension, Defendants Bon

Secours Mercy Health and Bon Secours Medical Group Hampton Roads Specialty Care LLC moved to dismiss this case for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to transfer this case to a proper venue (the Norfolk Division of the Eastern District of Virginia). *See* Dkt. No. 13.

And Stephenson has filed a response to Defendants' motion indicating that she does not oppose Defendants' alternative request to transfer this lawsuit to the Norfolk Division of the Eastern District of Virginia. *See* Dkt. No. 14.

For the reasons explained below, the Court will grant Defendants' motion to the extent that it will order that this case be immediately transferred to the Norfolk Division of the Eastern District of Virginia.

### Discussion

On a Rule 12(b)(3) motion, once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper. *See Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 558 (N.D. Tex. 2003).

And "[w]here venue is improper, the district court should generally dismiss the case." *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022).

"But the court retains discretion to transfer it to a proper venue if such a transfer would serve 'the interest of justice.'" *Id.* (quoting 28 U.S.C. § 1406(a) (providing that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought")); *see also Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir.

1987) ("The district court has broad discretion in deciding whether to order a transfer.").

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

Venue as to an ADA claim is governed by Title VII's special venue provisions, which "displace[] the general rules for venue." *Dabney v. A&R Logistics, Inc.*, Civ. A. No. 14-788-BAJ-RLB, 2015 WL 4210988, at *2 (M.D. La. July 10, 2015) (citing 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003)); *see also Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases." (cited in *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (per curiam))); *Beavers v. Express Jet Holdings, Inc.*, 421 F. Supp. 2d 994, 996 (E.D. Tex. 2005) ("The [ADA] incorporates by reference the special venue provisions that Congress enacted for Title VII employment discrimination actions." (citing 42 U.S.C. § 12117)).

Section 2000e-5(f)(3) provides that

[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have

- 3 -

jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*

So, under Section 2000e-5(f)(3), "venue is not limited to the judicial district in which the unlawful employment practices occurred if the state is a multi-district state; but venue is appropriate in any district in the state in which the unlawful employment practices occurred." *Adams v. Cal-Ark Int'l, Inc.*, 159 F. Supp. 2d 402, 409 (E.D. Tex. 2001) (cleaned up).

And, had Stephenson plausibly alleged that unlawful employment practices occurred elsewhere in Texas, a transfer of venue from this district would not be appropriate under Section 1406(a) but still could be available under 28 U.S.C. § 1404(a). *Cf. In re Google, L.L.C.*, ___ F.4th ____, No. 25-40788, 2026 WL 934924, at *2 (5th Cir. Apr. 7, 2026) (observing in the context of mandamus that "Section 1404(a) allows district courts to transfer certain cases for the convenience of parties and witnesses and in the interest of justice" if "[t]he moving party … show[s] … [that t]he new venue [is] clearly more convenient than the alternative," a "standard [that] reflects the fact that courts ordinarily defer to the plaintiff's choice of venue" (cleaned up)).

But Stephenson has not shown that venue is appropriate in Texas where, for example, she alleges that she now resides in Dallas but that the defendant "is a healthcare entity operating specialty clinics in Virginia," Dkt. No. 3 at 3-4, and where Stephenson attaches exhibits to the complaint indicating that the defendant employed her in Suffolk, Virginia, that she resided in Virginia when the defendant denied her request for a workplace accommodation, and that she filed the applicable EEOC charge in Norfolk, Virginia, *see* Dkt. No. 4; *see also* Dkt. No. 13 (noting the same connections to the Norfolk Division of the Eastern District of Virginia).

And, so, this case should be transferred under Section 1406(a) to the Norfolk Division of the Eastern District of Virginia. *See* 28 U.S.C. § 127(a); https://www.vaed.uscourts.gov/eastern-district-virginia-jurisdiction (setting out the geographic parameters of the divisions of that district, including that the Norfolk Division includes the cities of Norfolk and Suffolk) (last visited Apr. 8, 2026).

## Conclusion

The Court GRANTS Defendants' motion [Dkt. No. 13] to the extent that it ORDERS that this case be IMMEDIATELY TRANSFERRED to the Norfolk Division of the Eastern District of Virginia under 28 U.S.C. § 1406(a), as both sides consent to this transfer. *Cf.* N.D. TEX. L. CIV. R. 62.2 (requiring a 21-day stay of all orders transferring a case to a district court outside the Fifth Circuit unless all affected parties consent).

SO ORDERED.

Dated: April 8, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 5 -